NOT ORIGINAL DOCUMENT
05/08/2024 03:52:58 PM
92461-1

COMMONWEALTH OF KENTUCKY
HOPKINS CIRCUIT COURT
CASE NO.:

**FEATHERS CHICKEN FARMS, LLC.,**

    **Plaintiff,**

v.

**WESTFIELD INSURANCE COMPANY,**

    **Defendant.**

    _____/

## COMPLAINT

**COMES NOW,** the Plaintiff, **FEATHERS CHICKEN FARMS, LLC.**, by and through undersigned counsel, and hereby sues the Defendant, WESTFIELD INSURANCE COMPANY, and as grounds therefore states as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages in excess of Five-Thousand and 00/100 Dollars ($5,000.00), exclusive of attorneys' fees, pre-judgment interest, and costs.

2. At all times material hereto, **FEATHERS CHICKEN FARMS, LLC.**, owned real and personal property located at: 4200 Ilsley Rd, Dawson Springs, Hopkins County, Kentucky 42408.

3. At all times material hereto, Defendant **WESTFIELD INSURANCE COMPANY**, was a for-profit corporation, registered with the Commonwealth of Kentucky, and engaged in the business of providing insurance policies to property owners located in Hopkins County, Kentucky.

4. Jurisdiction and venue are proper in this Court.

## STATEMENT OF FACTS

1. Plaintiff is the owner of real and personal property located at 4200 Ilsley Rd, Dawson Springs, Hopkins County, Kentucky 42408 (the "Property").

2. Plaintiff maintained a property insurance policy with Defendant covering the Property with policy number FAB 2 139 21H (the "Policy").

3. On or about May 7, 2023, a hailstorm struck Plaintiff's property, damaging several structures.

4. On information and belief, Plaintiff has suffered a covered loss under the Policy and has otherwise suffered damage that is not excluded under the Policy.

5. Plaintiff duly reported the loss to Defendant and Defendant assigned claim number 2458242 (the "Claim") to the loss.

6. Defendant denied coverage for the loss, claiming no hailstorm occurred during the policy period.

7. Defendant has prevented Plaintiff from recovering amounts due under the Policy.

8. Defendant misrepresented pertinent facts and policy provisions regarding coverages at issue to Plaintiff, and Defendant failed in its duties to Plaintiff under the contract of insurance herein.

9. All conditions precedent to obtaining coverage for the loss have been complied with, met, or waived.

10. As a result of Defendant's refusal to honor its obligations under the Policy and KRS 304.12-230 and KRS 304.12-235, Plaintiff has retained the services of undersigned counsel and is obligated to pay a reasonable fee for such services.

## COUNT I: BREACH OF CONTRACT

Filed              24-CI-00337     05/02/2024              Tanya Bowman, Hopkins Circuit Clerk

NOT ORIGINAL DOCUMENT
05/08/2024 03:52:58 PM
92461-1

Presiding Judge: HON. CHRIS OGLESBY (604403)
COM : 000002 of 000005

Filed          24-CI-00337     05/02/2024          Tanya Bowman, Hopkins Circuit Clerk

NOT ORIGINAL DOCUMENT
05/08/2024 03:52:58 PM
92461-1

11.  Plaintiff re-alleges and incorporates paragraphs One (1) through Fifteen (15) as though fully set forth herein.

12.  Plaintiff and Defendant are parties to a valid and binding contract of insurance, which requires Defendant to provide benefits to Plaintiff in the event of a covered loss under the Policy.

13.  On information and belief, Plaintiff has suffered a covered loss under the Policy.

14.  Defendant has failed and refused to provide benefits due for Plaintiff's covered loss under the Policy.

15.  Plaintiff has been damaged by Defendant's breach of contract.

## COUNT II: VIOLATION OF KRS 304.12-230

16.  Plaintiff re-alleges and incorporates by reference paragraphs One (1) through Twenty (20) as though fully set forth herein.

17.  The Defendant misrepresented pertinent facts and insurance policy provisions relating to coverage at issue to the Plaintiff, in violation of KRS 304.12-230(1).

18.  The Defendant did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim, whereas liability was reasonably clear, in violation of KRS 304.12-230(6).

19.  The Defendant compelled the Plaintiff to institute litigation to recover amounts due under the policy, in violation of KRS 304.12-230(7).

20.  The Defendant failed to promptly settle the claim, where liability was reasonably clear under one (1) portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage, in violation of KRS 304.12-230(13).

3

Presiding Judge: HON. CHRIS OGLESBY (604403)

COM : 000003 of 000005

21. Defendant's violations of KRS 304.12-230 have caused Plaintiff to incur additional damages. The Defendant's misconduct has caused and will continue to cause Plaintiff to incur attorney's fees and costs in order to obtain benefits due under the Policy.

22. Pursuant to KRS 446.070, Plaintiff is entitled to recover damages sustained by reason of Defendant's violations of KRS 304.12-230.

### COUNT III: VIOLATION OF KRS 304.12-235

23. Plaintiff re-alleges and incorporates by reference paragraphs One (1) through Twenty-Eight (28) as though fully set forth herein.

24. The Defendant has a duty to Plaintiff under KRS 304.12-235 to pay Plaintiff's claim arising under the terms of the Policy not more than thirty (30) days from the date upon which the Plaintiff provided notice and proof of the claim.

25. The Defendant failed to make a good faith attempt to settle the claim within the time prescribed by KRS 304.12-235, and the delay was without reasonable foundation.

26. The Defendant is responsible for paying Plaintiffs' attorneys' fees, costs, and interest under KRS 304.12-230 and KRS 304.12-235.

**WHEREFORE**, Plaintiff, **FEATHERS CHICKEN FARM, LLC.**, demands judgment against Defendant, **WESTFIELD INSURANCE GROUP**, for:

A. All damages to which Plaintiff is entitled;

B. Pre-judgment interest pursuant to KRS 304.12-235;

C. Attorneys' fees, expert fees, and costs pursuant to KRS 304.12-230 and KRS 304.12-235; and

D. All other relief considered by this Honorable Court to be equitable and just.

E. Plaintiff demands a trial by jury on all triable issues in this case,

NOT ORIGINAL DOCUMENT
05/08/2024 03:52:58 PM
92461-1

Dated: May 1, 2024.  Respectfully Submitted,

/s/ *Julie Scott Jernigan*
Julie Scott Jernigan, Esq.
KBA# 90393
BOGGS LAW GROUP, PA
271 W Short Street, Suite 312
Lexington, Kentucky 40507
Phone: 859-629-8269
Email: jjernigan@boggslawgroup.com
boggs-pleadings@boggslawgroup.com
Attorney for Plaintiff

**COMMONWEALTH OF KENTUCKY**
**HOPKINS CIRCUIT COURT**
**CASE NO.:**

**FEATHERS CHICKEN FARMS, L.L.C.,**

      **Plaintiff,**

**v.**

**WESTFIELD INSURANCE COMPANY**

      **Defendant.**

_____/

## FIRST AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, **FEATHERS CHICKEN FARMS, L.L.C.**, by and through undersigned counsel, and hereby sues the Defendant, **WESTFIELD INSURANCE COMPANY**, and as grounds therefore states as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages in excess of Five-Thousand and 00/100 Dollars ($5,000.00), exclusive of attorneys' fees, pre-judgment interest, and costs.

2. At all times material hereto, **FEATHERS CHICKEN FARMS, L.L.C.**, owned real and personal property located at: 4200 Ilsley Rd, Dawson Springs, Hopkins County, Kentucky 42408.

3. At all times material hereto, Defendant **WESTFIELD INSURANCE COMPANY**, was a for-profit corporation, registered with the Commonwealth of Kentucky, and engaged in the business of providing insurance policies to property owners located in Hopkins County, Kentucky.

4. At all times material hereto, Plaintiff has been continuously insured with **WESTFIELD INSURANCE COMPANY**

5. Jurisdiction and venue are proper in this Court.

**EXHIBIT 1**

## STATEMENT OF FACTS

6. Plaintiff is the owner of a commercial farming operation that includes real and personal located at 4200 Ilsley Rd, Dawson Springs, Hopkins County, Kentucky 42408 (the "Property").

7. Plaintiff maintained a property insurance policy with Defendant for the policy period of March 11, 2022 through March 11, 2023 (policy number FAB 2 139 21H) ("Policy -1"). A true and correct copy of the declaration page of Policy-1 is attached hereto as Exhibit One (1). Plaintiff does not possess a full copy of Policy-1, however, it expects to obtain one through discovery in this litigation.

8. Plaintiff maintained a property insurance policy with Defendant for the policy period of March 11, 2023 through March 11, 2024 (policy number FAB 2 139 21H)("Policy-2). A true and correct copy of Policy-2 is attached hereto as Exhibit Two (2).

9. Plaintiff's Property was damaged by a covered event during the Policy-1 policy period. The damage was discovered in January 2023 and, on information and belief, the damage to the Property is consistent with a windstorm event.

10. On information and belief, Plaintiff has suffered a covered loss under Policy-1 and has otherwise suffered damage that is not excluded under Policy-1.

11. Plaintiff duly reported the loss to Defendant and Defendant assigned number 2449643 to the claim ("Claim-1").

12. Defendant denied coverage for Claim-1.

13. Defendant has prevented Plaintiff from recovering amounts due under Policy-1 for Claim-1.

14. Defendant misrepresented pertinent facts and policy provisions to Plaintiff, and Defendant failed in its duties to Plaintiff under Policy-1 for Claim-1.

15. All conditions precedent to obtaining coverage for Claim-1 have been complied with, met, waived, or otherwise satisfied.

16. As a result of Defendant's refusal to honor its obligations under Policy-1 and KRS 304.12-230 and KRS 304.12-235, Plaintiff has retained the services of undersigned counsel and is obligated to pay a reasonable fee for such services.

17. Plaintiff's Property subsequently suffered damaged by a covered event during the Policy-2 policy period. The damage was discovered in May 2023 and, on information and belief, the damage to the Property is consistent with wind and hail.

18. On information and belief, Plaintiff has suffered a covered loss under Policy-2 and has otherwise suffered damage that is not excluded under Policy-2.

19. Plaintiff duly reported the loss to Defendant and Defendant assigned number 2458242 to the claim ("Claim-2").

20. Defendant denied coverage for Claim-2.

21. Defendant has prevented Plaintiff from recovering amounts due under Policy-2 for Claim-2.

22. Defendant misrepresented pertinent facts and policy provisions to Plaintiff, and Defendant failed in its duties to Plaintiff under Policy-2.

23. All conditions precedent to obtaining coverage for Claim-2 have been complied with, met, waived, or otherwise satisfied.

24. As a result of Defendant's refusal to honor its obligations under Policy-2 and KRS 304.12-230 and KRS 304.12-235, Plaintiff has retained the services of undersigned counsel and is obligated to pay a reasonable fee for such services.

## COUNT I: BREACH OF CONTRACT
## POLICY-1

25. Plaintiff re-alleges and incorporates by reference paragraphs One (1) through Seven (7) and Nine (9) Sixteen (16), as though fully set forth herein.

26. Plaintiff and Defendant are parties to a valid and binding contract of insurance, which requires Defendant to provide benefits to Plaintiff in the event of a covered loss under Policy-1.

27. On information and belief, Plaintiff has suffered a covered loss under Policy-1.

28. Defendant has failed and refused to provide benefits due for Claim-1.

29. Plaintiff has been damaged by Defendant's breach of contract.

30. Plaintiff demands a trial by jury on all triable issues under Count I

**WHEREFORE**, Plaintiff, **FEATHERS CHICKEN FARM, L.L.C.**, demands judgment against Defendant, **WESTFIELD INSURANCE GROUP**, on Count I for:

    A. All damages to which Plaintiff is entitled;

    B. Interest pursuant to KRS 304.12-235;

    C. Attorneys' fees, expert fees, and costs pursuant to KRS 304.12-230 and KRS 304.12-235;

    E. Pre-judgment and post-judgment interest; and

    D. All other relief considered by this Honorable Court to be equitable and just.

## COUNT II: BREACH OF CONTRACT
## POLICY-2

31. Plaintiff re-alleges and incorporates by reference paragraphs One (1) through Six (6), paragraph Eight (8), and paragraphs Seventeen (17) through Twenty-Four (24) as though fully set forth herein.

32. Plaintiff and Defendant are parties to a valid and binding contract of insurance, which requires Defendant to provide benefits to Plaintiff in the event of a covered loss under Policy-2.

33. On information and belief, Plaintiff has suffered a covered loss under Policy-2.

34. Defendant has failed and refused to provide benefits due for Claim-2.

35. Plaintiff has been damaged by Defendant's breach of contract.

36. Plaintiff demands a trial by jury on all triable issues Count II.

**WHEREFORE**, Plaintiff, **FEATHERS CHICKEN FARM, L.L.C.**, demands judgment against Defendant, **WESTFIELD INSURANCE GROUP**, on Count II for:

A. All damages to which Plaintiff is entitled;

B. Interest pursuant to KRS 304.12-235;

C. Attorneys' fees, expert fees, and costs pursuant to KRS 304.12-230 and KRS 304.12-235;

D. Pre-judgment and post-judgment interest; and

E. All other relief considered by this Honorable Court to be equitable and just.

## COUNT III: VIOLATION OF KRS 304.12-230
## CLAIM-1

37. Plaintiff re-alleges and incorporates by reference paragraphs One (1) through Seven (7) and Nine (9) through Sixteen (16), as though fully set forth herein.

38. Defendant misrepresented pertinent facts to Plaintiff related to Policy-1 and Claim-1 in violation of KRS 304.12-230(1).

39. Defendant failed to acknowledge and promptly respond to Plaintiff's communications regarding Claim-1, in violation of KRS 304.12-230(2).

40. Defendant failed and refused to promptly investigate Claim-1 in violation of KRS 403.12-230 (3).

41. Defendant violated KRS 304.12-230(4) by failing and refusing to conduct a reasonable investigation of Claim-1 before denying coverage for Claim-1.

42. Defendant did not attempt in good faith to effectuate a prompt, fair and equitable settlement of Claim-1, for which liability was reasonably clear, in violation of KRS 304.12-230(6).

43. Defendant compelled Plaintiff to institute litigation to recover amounts due under Policy-1, in violation of KRS 304.12-230(7).

44. Defendant failed to promptly provide a reasonable explanation for the denial of Claim-1 in violation of KRS 304.012-230(14).

45. Defendant's violations of KRS 304.12-230 have caused Plaintiff to incur additional damages. Defendant's misconduct has caused, and will continue to cause, Plaintiff to incur attorney's fees and costs in order to obtain benefits due under Policy-1.

46. Pursuant to KRS 446.070, Plaintiff is entitled to recover damages sustained by reason of Defendant's violations of KRS 304.12-230.

47. Plaintiff demands a trial by jury on all triable issues in Count III.

WHEREFORE, Plaintiff, **FEATHERS CHICKEN FARM, L.L.C.**, demands judgment against Defendant, **WESTFIELD INSURANCE GROUP**, on Count III for:

A. All damages to which Plaintiff is entitled;

B. Interest pursuant to KRS 304.12-235;

C. Attorneys' fees, expert fees, and costs pursuant to KRS 304.12-230 and KRS 304.12-235;

D. Pre-judgment and post-judgment interest; and

E. All other relief considered by this Honorable Court to be equitable and just.

## COUNT IV: VIOLATION OF KRS 304.12-230
## CLAIM- 2

48. Plaintiff re-alleges and incorporates by reference paragraphs One (1) through Six (6), paragraph Eight (8), and paragraphs Seventeen (17) through Twenty-Four (24) as though fully set forth herein.

49. Defendant misrepresented pertinent facts to Plaintiff related to Policy-2 and Claim-2 in violation of KRS 304.12-230(1).

50. Defendant failed to acknowledge and promptly respond to Plaintiff's communications regarding Claim-2, in violation of KRS 304.12-230(2).

51. Defendant failed and refused to promptly investigate Claim-2 in violation of KRS 403.12-230 (3).

52. Defendant violated KRS 304.12-230(4) by failing and refusing to conduct a reasonable investigation of Claim-2 before denying coverage for Claim-2.

53. Defendant did not attempt in good faith to effectuate a prompt, fair and equitable settlement of Claim-2, for which liability was reasonably clear, in violation of KRS 304.12-230(6).

54. Defendant compelled Plaintiff to institute litigation to recover amounts due under Policy-2, in violation of KRS 304.12-230(7).

55. Defendant failed to promptly provide a reasonable explanation for the denial of Claim-2 in violation of KRS 304.012-230(14).

56. Defendant's violations of KRS 304.12-230 have caused Plaintiff to incur additional damages. Defendant's misconduct has caused, and will continue to cause, Plaintiff to incur attorney's fees and costs in order to obtain benefits due under Policy-2.

57. Pursuant to KRS 446.070, Plaintiff is entitled to recover damages sustained by reason of Defendant's violations of KRS 304.12-230.

58. Plaintiff demands a trial by jury on all triable issues in Count IV.

**WHEREFORE**, Plaintiff, **FEATHERS CHICKEN FARM, L.L.C.**, demands judgment against Defendant, **WESTFIELD INSURANCE GROUP**, on Count IV for:

    A. All damages to which Plaintiff is entitled;

    B. Interest pursuant to KRS 304.12-235;

    C. Attorneys' fees, expert fees, and costs pursuant to KRS 304.12-230 and KRS 304.12-235;

    D. Pre-judgment and post-judgment interest; and

    E. All other relief considered by this Honorable Court to be equitable and just.

### COUNT V: VIOLATION OF KRS 304.12-235
### POLICY-1

59. Plaintiff re-alleges and incorporates by reference paragraphs One (1) through Seven (7) and Nine (9) through Sixteen (16), as though fully set forth herein.

60. Defendant has a duty to Plaintiff under KRS 304.12-235 to pay Claim-1 arising under Policy-1 not more than thirty (30) days from the date upon which the Plaintiff provided notice and proof of loss.

61. All conditions precedent to maintaining an action under KRS 304.12-235 for Claim-1 have been complied with, met, waived, or otherwise satisfied.

62. Defendant failed to make a good faith attempt to settle Claim-1 within the time prescribed by KRS 304.12-235, and the delay was without reasonable foundation.

63. Defendant is responsible for paying Plaintiff's attorneys' fees, costs, and interest under KRS 304.12-235.

64. Plaintiff demands a trial by jury on all triable issues on Count V.

**WHEREFORE**, Plaintiff, **FEATHERS CHICKEN FARM, L.L.C.**, demands judgment against Defendant, **WESTFIELD INSURANCE GROUP**, on Count V for:

   A. All damages to which Plaintiff is entitled;

   B. Interest pursuant to KRS 304.12-235;

   C. Attorneys' fees, expert fees, and costs pursuant to KRS 304.12-230 and KRS 304.12-235;

   D. Pre-judgment and post-judgment interest; and

   E. All other relief considered by this Honorable Court to be equitable and just.

### COUNT VI: VIOLATION OF KRS 304.12-235
### POLICY-2

65. Plaintiff re-alleges and incorporates by reference paragraphs One (1) through Six (6), paragraph Eight (8), and paragraphs Seventeen (17) through Twenty-Four (24) as though fully set forth herein.

66. Defendant has a duty to Plaintiff under KRS 304.12-235 to pay Claim-2 arising under Policy-2 not more than thirty (30) days from the date upon which the Plaintiff provided notice and proof of loss.

67. All conditions precedent to maintaining an action under KRS 304.12-235 for Claim-2 have been complied with, met, waived, or otherwise satisfied.

68. Defendant failed to make a good faith attempt to settle Claim-2 within the time prescribed by KRS 304.12-235, and the delay was without reasonable foundation.

69. Defendant is responsible for paying Plaintiff's attorneys' fees, costs, and interest under KRS 304.12-235.

70. Plaintiff demands a trial by jury on all triable issues on Count VI.

**WHEREFORE**, Plaintiff, **FEATHERS CHICKEN FARM, L.L.C.**, demands judgment against Defendant, **WESTFIELD INSURANCE GROUP**, on Count VI for:

A. All damages to which Plaintiff is entitled;

B. Interest pursuant to KRS 304.12-235;

C. Attorneys' fees, expert fees, and costs pursuant to KRS 304.12-230 and KRS 304.12-235;

D. Pre-judgment and post-judgment interest; and

E. All other relief considered by this Honorable Court to be equitable and just.

Dated: May 14, 2024.                                    Respectfully Submitted,

/s/ *Julie Scott Jernigan*
Julie Scott Jernigan, Esq.
KBA# 90393
BOGGS LAW GROUP, PA
271 W Short Street, Suite 312
Lexington, Kentucky 40507
Phone: 859-629-8269
Email: jjernigan@boggslawgroup.com
boggs-pleadings@boggslawgroup.com
Attorney for Plaintiff

**WESTFIELD**  
Westfield Companies  
1 Park Circle, P.O. Box 5001  
Westfield Center, OH 44251-5001  
www.westfieldinsurance.com

**FARM PACKAGE POLICY**  
**NEW**  
**COMMON POLICY DECLARATIONS**

| | |
|---|---|
| Company providing coverage | Westfield Insurance Company |
| Policy Number: FAB 2 139 21H | WIC Account Number: 1370137711   M |
| Named Insured and Mailing Address<br><br>FEATHERS CHICKEN FARM, LLC<br>9264 BLUE BASIN TRL<br>RENO NV 89521-4483 | Agency 13-00705  Prod.  000<br><br>JAMES ALLEN INSURANCE BROKERS<br>4728 LISBORN DR<br>CARMEL IN 46033-2201<br><br>Telephone 800-965-5580 |
| Policy Period: 03/11/22 TO 03/11/23 | at 12:01 A.M. Standard Time at your mailing address shown above. |

In return for the payment of the premium, and subject to all terms of this policy, we agree with you to provide the insurance as stated in this policy. Insurance at the described premises applies only for coverage for which a limit of insurance is shown.  Optional coverages are applicable only when entries are made in the schedules.

### THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS

|  | PREMIUM |
|---|---|
| FARM PROPERTY COVERAGE PART | $ 34,476.00 |
| FARM LIABILITY COVERAGE PART | $    223.00 |
| POLICY ANNUAL PREMIUM | $ 34,699.00 |
| MUNICIPAL TAX | $  3,990.43 |
| STATE SURCHARGE | $    624.58 |
| TOTAL | $ 39,314.01 |

The above is a summary of your coverages. For more detail, please refer to the individual coverage parts inside your policy.

Forms and Endorsements applicable to all coverage parts:  
FD7007   0104*, IL0263   0908*, FD7000   0104*, FD7002   0104*, FD7010   0104*,  
IL0003   0908*, FD7001   0104*, IL0017   1198*, FD7020   1008*, FD7008   0517*.

COUNTERSIGNED: _____ BY _____  
                         Date                              Authorized Representative

PAGE  01 OF  02         FD 70 00 (01-04)          03/08/22         AGENT COPY

 **WESTFIELD®** | Westfield Companies<br>1 Park Circle, P.O. Box 5001<br>Westfield Center, OH 44251-5001<br>www.westfieldinsurance.com | **FARM PACKAGE POLICY**<br>**RENEWAL**<br>**COMMON POLICY DECLARATIONS**

| Company providing coverage | Westfield Insurance Company |
|---|---|
| **Policy Number: FAB 2 139 21H** | **WIC Account Number:** 1370137711  \| M |

Named Insured and Mailing Address

FEATHERS CHICKEN FARM, LLC
9264 BLUE BASIN TRL
RENO NV 89521-4483

Agency   13-00705   Prod.   PUD

JAMES ALLEN INSURANCE BROKERS
4728 LISBORN DR
CARMEL IN 46033-2201

Telephone  800-965-5580

Policy Period: 03/11/23 TO 03/11/24    at 12:01 A.M. Standard Time at your mailing address shown above.

In return for the payment of the premium, and subject to all terms of this policy, we agree with you to provide the insurance as stated in this policy. Insurance at the described premises applies only for coverage for which a limit of insurance is shown. Optional coverages are applicable only when entries are made in the schedules.

### THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS

|  | PREMIUM |
|---|---|
| **FARM PROPERTY COVERAGE PART** | $ 37,112.00 |
| **FARM LIABILITY COVERAGE PART** | $ 218.00 |
| POLICY ANNUAL PREMIUM | $ 37,330.00 |
| MUNICIPAL TAX | $ 4,292.98 |
| STATE SURCHARGE | $ 671.94 |
| TOTAL | $ 42,294.92 |

The above is a summary of your coverages. For more detail, please refer to the individual coverage parts inside your policy.

Forms and Endorsements applicable to all coverage parts:
FD7000   0104*, FD7001   0104*, FD7002   0104*, IL0263   0908 , FD7010   0104*,
IL0017   1198 , FD7020   1008 , FD7008   0517*, FD7007   0104*, IL0003   0908 .

COUNTERSIGNED: _____ BY _____
                        Date                              Authorized Representative

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **24-CI-00337**<br>Court: **CIRCUIT**<br>County: **HOPKINS** |

*Plantiff,* **FEATHERS CHICKEN FARM, LLC VS. WESTFIELD INSURANCE COMPANY**, *Defendant*

TO:  **WESTFIELD INSURANCE COMPANY**
     **ONE PARK CIRCLE**
     **PO BOX 5001**
     **WESTFIELD CENTER, OH 44251**

Telephone # : 8009655580          Email: WWW.WESTFIELDINSURANCE.COM

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                                                    /s/ Tanya Bowman, Hopkins
                                                                    Circuit Clerk
                                                                    Date: **5/2/2024**

Presiding Judge: HON. CHRIS OGLESBY (604403)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                            Served By

                                       _____
                                            Title

Summons ID: @00000176079
CIRCUIT: 24-CI-00337 Long Arm Statute – Secretary of State
FEATHERS CHICKEN FARM, LLC VS. WESTFIELD INSURANCE COMPANY



Page 1 of 1

EXHIBIT 1
eFiled

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **24-CI-00337**    NOT ORIGINAL<br>Court:    **CIRCUIT**    DOCUMENT<br>County:  **HOPKINS**    05/08/2024 03:54:24 PM<br>92461-1 |

*Plantiff,* **FEATHERS CHICKEN FARM, LLC VS. WESTFIELD INSURANCE COMPANY**, *Defendant*

TO:   **JOHN T.H. BATCHELDER**
   **ONE PARK CIRCLE**
   **P.O. BOX 5001**
   **WESTFIELD CENTER, OH 44215**

Memo: Related party is WESTFIELD INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**WESTFIELD INSURANCE COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Tanya Bowman, Hopkins
Circuit Clerk
Date: **5/2/2024**

Presiding Judge: HON. CHRIS OGLESBY (604403)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____     _____
                                Served By

                                _____
                                Title

Summons ID: @00000176081
CIRCUIT: 24-CI-00337 Long Arm Statute – Secretary of State
FEATHERS CHICKEN FARM, LLC VS. WESTFIELD INSURANCE COMPANY



Page 1 of 1

EXHIBIT 1
eFiled

CI : 000001 of 000001