UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00054-BJB-HBB

**FEATHERS CHICKEN FARMS, LLC**                                                                 **PLAINTIFF**

**VS.**

**WESTFIELD INSURANCE COMPANY**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions related to Plaintiff Feather Chicken Farms, LLC's, late identification of expert witnesses.  DN 31 is Defendant Westfield Insurance Company's motion to exclude Plaintiff's expert witnesses Kevin Maxwell, Grey Hoey, and Trey Payne.  Plaintiff's Response to that motion is DN 39 and Westfield replied at DN 42.

DN 32 is Plaintiff's motion for an extension of time to disclose its experts.  Plaintiff subsequently filed DN 37, seeking the same relief with some elaboration on the prior argument and an adjustment of the time requested, which the Court construed as a motion to amend the prior motion, and to that extent, the Court granted amendment of the motion (*see* DN 44).  Westfield has responded to the motion at DN 38 and Plaintiff did not file a Reply.

### Nature of the Case

Westfield insured Plaintiff's commercial farming operation in Hopkins County, Kentucky (DN 1-2, p. 1).  Plaintiff claims the property was damaged due to a wind event, which it discovered in January 2023 (*Id.* at p. 2).  Plaintiff further contends that the property was also damaged by wind and hail, which was discovered in May 2023 (*Id.* at p. 3).  Plaintiff claims that the damage

constituted a covered loss under Westfield policies (DN 1-2). Westfield investigated the claims and denied them on the basis that the damage did not occur during the policy period (DN 6).

<u>Plaintiff's Identification of Expert Witnesses</u>

The Court entered a scheduling order on September 22, 2024 (DN 23). The Plaintiff's deadline for identifying witnesses was January 15, 2025 (*Id.*). The parties subsequently tendered an agreed order extending the Plaintiff's deadline for identification of expert witnesses to February 17, 2025 (DN 28).[1] On that date, Plaintiff filed a notice that it had served its expert witness disclosures on Westfield (DN 30). The disclosures, however, only provided the names and addresses of Maxwell, Hoey, and Payne (DN 31-4). The disclosures did not provide reports from the experts setting forth their opinions or any of the other information required by Fed. R. Civ. P. 26(a)(2)(B).

On March 11, 2025, Plaintiff submitted an amended expert witness disclosure (DN 32). This amended disclosure did not name Payne. As to Maxwell, Plaintiff disclosed that he was a professional expert who inspected the property on January 14, 2025, to determine the cause and origin of the property damage, but his report was not yet complete (DN 32-2, p. 1). His report was expected by March 17, 2025, along with a statement of his compensation (*Id.*). For Hoey, Plaintiff disclosed that he was a professional expert who was expected to produce repair estimates for damage to the property, but his report was also not available, and was expected by April 1, 2025, along with a statement of his compensation (*Id.* at pp. 1-2). The disclosure attached the witness' CVs and a list of prior testimony (*Id.*). The Plaintiff served a copy of Hoey's expert report (DN 35) on March 14, 2025, and Maxwell's report on March 17, 2025 (DN 36), twenty-six and twenty-nine days after the deadline, respectively.

---

[1] Apparently due to a clerical error, the tendered agreed order was never signed by the Court. Nonetheless, Westfield does not dispute that Plaintiff's deadline for its expert witness disclosure was February 17, 2025.

Discussion

Plaintiff does not dispute that it failed to provide complete expert witness disclosures satisfying the requirements of Fed. R. Civ. P. 26(a)(2)(B)[2] by the applicable deadline (DN 39, p. 3). As such, Westfield asserts that Rule 37(c)(1) mandates exclusion of the witnesses (DN 31-1, p. 3). The Rule provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). Plaintiff's motion seeks to cure its late disclosure of experts through amendment of the scheduling order to extend the deadline, thus making its disclosures timely (DN 32). The two motions vie to determine whether Plaintiff may utilize its experts. The Court will first resolve the Plaintiff's motion, because granting it will effectively moot Westfield's.

Plaintiff's motion does not identify the supporting civil rule. It could be under the auspices of Rule 6(b), which provides that, when an act must be done by a specified date, and the motion is made after the expiration of that deadline, the deadline may be extended if the Court finds good cause and excusable neglect, or under Rule 16, which provides that a schedule may be modified only for good cause and with the judge's consent. Which standard applies here? As the Eastern District of Kentucky has observed, whether Rule 6's good cause and excusable neglect or Rule 16's good cause standard applies when a party files a motion after the scheduling order deadline is a source of ambiguity in the Sixth Circuit. *Mounts v. 3M Co.*, No. 7:21-CV-86-REW-CJS, 2024 U.S. Dist. LEXIS 174443, at *21 (E.D. Ky. Sept. 26, 2024). "In short, the relationship between

---

[2] The Rule requires that an expert witness disclosure include: a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous ten years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

Rule 16 and Rule 6 is muddled." *Id.* at *21 (quoting *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018)). Here, the original scheduling order provided "[n]o extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted without an appropriate written motion, *filed before the deadline in question*, which demonstrates good cause beyond the control of counsel in the exercise of due diligence." (DN 23 at p. 4) (emphasis added). Consequently, by operation of the scheduling order, Rule 16's good cause standard is only applicable to motions filed before the applicable deadline expires. Thereafter, Rule 6's standards must be applied, as the Court concluded in *Demo v. Wood Env't & Infrastructure Sols., Inc.*:

> As the Court stated in its Scheduling Order, a motion made before expiration of the deadline would be subject to the good cause standard. But [plaintiff's] motion was not made before expiration of the deadline. . . . Thus, regardless of [plaintiff's] argument that the reason for needing to amend was out of its control, "the time to act" had expired, and [plaintiff's] motion is subject to Fed. R. Civ. P. 6(b)'s good cause and excusable neglect standard.

3:19-CV-146-RGJ, 2022 U.S. Dist. LEXIS 222192, at *5-6 (W.D. Ky. Dec. 9, 2022).

Plaintiff's initial motion to extend the deadline for identification of experts, DN 32, was filed on March 11, 2025. Plaintiff stated the parties participated in a telephonic conference with District Judge Beaton on January 31, 2025 and that in a discussion regarding scheduling orders "undersigned counsel understood the court to say that counsel need only serve the names of its experts on or before February 17, 2025" (DN 32, p. 1). Plaintiff went on to state that it acted in accordance with that understanding and supplied the names of its experts (*Id.* at pp. 1-2). Once Westfield filed its motion to exclude the experts, counsel conferred and, upon learning that their recollections regarding the telephonic conference were not consistent, Plaintiff ordered a copy of the transcript, which was not available at the time of filing the motion (*Id.* at p. 2). Plaintiff further stated that, at the same time as filing the motion, it served Westfield with disclosures "more

4

consistent with the Rules of Federal Procedure" but the experts' reports were not yet available. Plaintiff requested a 45-day extension of the expert disclosure deadline (*Id.*). Plaintiff's subsequent motion, DN 37, essentially restates the prior motion, but concedes that, upon review of the transcript of the hearing with Judge Beaton, counsel "determined that it does not support her recollection of the events" (DN 37, p. 2). Plaintiff noted that it had since provided the expert reports to Westfield (*Id.*).

Westfield contends, and the undersigned agrees as previously discussed, that the heightened excusable neglect standard under Rule 6(b) guides the decision on whether Plaintiff is entitled to relief (DN 38, p. 3). The Sixth Circuit has explained that in evaluating whether a party has shown excusable neglect, the Court must balance five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

As to prejudice, Westfield contends that its own experts have been deprived of an opportunity to thoroughly analyze Plaintiff's experts' reports before finalizing their own (DN 38, pp. 3-4). However, this prejudice has been allayed by the granting of Westfield's motion for an extension of time to identify its own experts (*see* Motion at DN 43 and Order granting at DN 44). Turning to the length of the delay, Westfield contends that permitting late-identification of experts will unnecessarily delay the progress of the case, as the Plaintiff was at that time some sixty days beyond the deadline (DN 38, p. 4).

5

Westfield addresses the third factor, the reason for the delay, noting that Plaintiff had only offered an explanation that its counsel had misunderstood the Court's guidance on the question of expert disclosures (*Id.*). Westfield questions the explanation, noting the hearing was to address a motion to dismiss and

> the January 30, 2025, Order related to the Motion to Dismiss did not include any reference to the expert disclosure deadlines. Furthermore, there is no reason that the issue would have come up given that the hearing was completely unrelated to current deadlines. Finally, it is not reasonable to assume that the Court would simply advise the parties that they do not have to comply with the expert disclosure requirements outlined in the Federal Rules of Civil Procedure

(*Id.*) (footnote omitted). As to whether the delay in identifying its experts was within the Plaintiff's reasonable control, Westfield notes that it conducted a pre-suit site inspection and provided the Plaintiff reports outlining the reasons for denying coverage, thus placing Plaintiff on notice that experts would be needed from the outset (*Id.* at pp. 4-5). Moreover, the parties conducted a joint site inspection in August 2024; however, Plaintiff's experts were not in attendance (*Id.* at p. 5). Plaintiff's experts' reports indicate they did not perform their own inspection until January 14, 2025 (DN 32-2, p. 1). Finally, Westfield contends the Plaintiff has not demonstrated good faith in attempting to meet the deadline (DN 38, p. 5).

In balancing the five factors, the undersigned concludes that the third factor, the reason for the delay, and the fourth factor, whether the delay was within the reasonable control of the moving party, weigh so strongly against the Plaintiff that excusable neglect has not been demonstrated. Plaintiff's justification for failing to comply with Rule 26's expert disclosure requirements was that counsel misunderstood instructions from the Court. The undersigned has reviewed the transcript of the hearing before Judge Beaton on Westfield's motion to dismiss Plaintiff's claim for bad faith (DN 33). There was no mention during the hearing of disclosure of experts or any matter relating to deadlines in the case, other than Judge Beaton's parting inquiry to the parties at the

6

conclusion of the hearing "you still on track to finish discovery this spring?" to which counsel answered "yes" (*Id.* at p. 11). Judge Beaton then went on to note "I don't think you'll need any changes to the schedule based on this discussion, but if so, you can raise it at the next sensible time with Judge Brennenstuhl." (*Id.*). It is inexplicable that Plaintiff could have come away from that hearing with an understanding that the Court had instructed Plaintiff it was relieved of its expert disclosure obligation under Rule 26. The third factor "is the factor many courts consider the most important" and is given the greatest weight. *CCA Global Partners, Inc. v. Carpetmax Flooring Ctr.*, No. 4:02-CV-215-M, 2006 U.S. Dist. LEXIS 85109, at *5-6 (W.D. Ky. Nov. 16, 2006). "[T]he Sixth Circuit, among others, has even refused to find neglect 'excusable' where an attorney has been genuinely confused about the law, and not just the deadline." *Id.* at *7 (citations omitted).

Having determined that Plaintiff's expert disclosures are untimely, consideration turns next to Westfield's motion to exclude those experts by operation of Rule 37(c)(1). Plaintiff represents that it was unable to satisfy the deadline because weather delayed the experts' inspection of the property: "[d]isclosure of the reports was untimely because the experts were delayed in inspecting the Property as a result of the severe weather affecting Plaintiff's Property and travel throughout Kentucky in January and February and as a result of scheduling issues and the experts' workload" (DN 39, p. 3). Plaintiff goes on to state that its counsel recognized in late January that "this may become an issue and briefly mentioned it during the parties' Case Management Conference on January 30, 2025, but failed to formally secure an extension" (*Id.*).

Plaintiff also blames Westfield for not having conferred with it upon receipt of the deficient expert disclosures before filing the motion to strike, reasoning that the parties could have found "an agreeable solution to handle the delay" (*Id.* at p. 4). Westfield's motion to exclude Plaintiff's expert witnesses is not a "discovery motion" subject to LR 37.1's requirement to meet and confer

7

prior to filing a motion for relief. *Bentley v. Highlands Hosp. Corp.,* No. 15-97-ART-EBA, 2016 U.S. Dist. LEXIS 139414, at *7-8 (E.D. Ky. Oct. 6, 2016). Nor is the motion to exclude a "discovery motion" requiring a pre-filing conference with the undersigned pursuant to section (8) of the scheduling order (DN 23, p. 4). Westfield was under no obligation to first explore excusing Plaintiff's failure to comply with Rule 26 before filing its motion to exclude.

If a party fails to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that witness to supply evidence at a trial, unless the failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). "The exclusion of such evidence is 'automatic and mandatory' unless the offending party can show that its nondisclosure was substantially 'justified or harmless.'" *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2024) (citations omitted). Substantial justification or harmlessness is evaluated under another five-factor balancing test:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 668-69 (citation omitted). "Courts have broad discretion in applying these factors and need not apply each one rigidly." *Id.* at 669 (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)).

In weighing the factors, numbers (1), (2), and (3) do not weigh against the Plaintiff. Westfield anticipated the Plaintiff would utilize the services of experts, having once before agreed to an extension of Plaintiff's disclosure deadline (DN 28). While Plaintiff failed to provide a full expert disclosure, on the day of the deadline it did provide names and addresses of the experts and provided full reports within thirty days. The Court has already granted Westfield's motion for an extension of time to identify its own experts in light of Plaintiff's tardy identification (DN 44). No

trial date is set in the case. The fourth factor, the importance of the evidence, weighs in favor of the Plaintiff, as expert proof is a necessary element of Plaintiff's ability to present its case at trial.

This leaves the final element of Plaintiff's explanation for failure to timely disclose the experts—one which has given the court considerable pause for reflection. In its motion for an extension of the expert identification deadline, Plaintiff explained that it provided only the names of the experts on the disclosure deadline because its counsel was under the mistaken understanding that Judge Beaton had authorized this during the prior hearing (DN 32). Plaintiff's motion made no mention of its experts having been unable to complete their site inspection by the deadline due to weather. In its Response to Westfield's motion to exclude, however, Plaintiff makes no mention of the misunderstanding, and offers the delay in the experts' inspection as reason for its failure to provide timely disclosures (DN 39, p. 3). This inconsistency is troubling. Regardless of the reason, both weigh against the Plaintiff. As previously discussed, Plaintiff had no reasonable basis to believe that merely identifying the experts was sufficient. As to Plaintiff's contention that its experts were delayed in their inspection, Plaintiff concedes that it was aware this might happen, but took no action to request an extension of the deadline.

Nonetheless, the Court is mindful that "the factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bentley*, 2016 U.S. Dist. LEXIS 139414 at *30. Moreover, "Rule 37(c)(1) provides for 'less draconian options' than exclusion in appropriate circumstances. The Rules and the unfolding discovery process, though, give many opportunities to timely correct a prior inadequacy or seasonably supply equivalent information. The later the disclosure, the smaller the margin of error and the greater the peril." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017 U.S. Dist. LEXIS 80288, at *4

(E.D. Ky. May 25, 2017) (citation omitted). Here, the Court perceives no intention by the Plaintiff to gain an unfair advantage by delaying the full disclosure of its experts. The delay was a period of some thirty days and Westfield is able to fully discover those opinions before committing its own experts. Consequently, the undersigned concludes that the sanction of exclusion of Plaintiff's expert witnesses is not justified. However, Plaintiff's failure to comply with Rule 26's expert disclosure requirements should not be permitted to pass without some consequence, given its failure to offer a compelling reason for having failed to do so. Rule 37(c)(1)(A) provides that, in addition to or instead of the sanction of witness exclusion, the Court may order payment of attorney's fees caused by the opposing party's failure. This can include the cost of filing a motion to strike a party's expert witness disclosure. *See Riley v. NewPenn Kilt, LLC*, No. 5:18-CV-00014-TBR, 2020 U.S. Dist. LEXIS 12886, at *13 (W.D. Ky. Jan. 27, 2020). The undersigned concludes this is the appropriate sanction under the circumstances.

**WHEREFORE**, the Plaintiff's motion to amend the scheduling order, DN 32, and as amended at DN 37, is **DENIED**. The Defendant's motion to exclude Plaintiff's expert witnesses, DN 31, is **GRANTED IN PART** and **DENIED IN PART**. To the extent Defendant seeks exclusion of Plaintiff's expert witnesses, the motion is denied. The Court imposes a lesser sanction of payment of Defendant's reasonable attorney's fees in filing the motion to exclude and the reply. Defendant shall submit an itemized statement **within ten days** of this order, and Plaintiff shall have ten days thereafter to file any objection thereto.

**IT IS FURTHER ORDERED** that the parties shall confer and submit an agreed order amending the case schedule to establish new deadlines for Defendant's disclosure of expert witnesses, completion of expert discovery and the remaining deadlines in paragraphs (3) and (4) of the original scheduling order.

*[Signature]*

H. Brent Brennenstuhl
United States Magistrate Judge

May 15, 2025

Copies: Counsel